**David K. DeLonge (DD9662)**
**SCHUMANN HANLON LLC**
**30 Montgomery Street, 15th Floor**
**P.O. Box 2029**
**Jersey City, New Jersey 07302**
**(201) 432-2000**
**Attorneys for Plaintiffs**

| | |
|---|---|
| **GNAT BOOTY MUSIC, HERBILICIOUS MUSIC, VIRGINIA BEACH MUSIC, GOLD DADDY MUSIC, WB MUSIC CORP., AIN'T NOTHING BUT FUNKIN' MUSIC, MUSIC OF WINDSWEPT, BLOTTER MUSIC, ELVIS MAMBO MUSIC, TVT MUSIC, INC., 50 CENT MUSIC, J. ALBERT & SON (USA) INC. AND UNIVERSAL MUSIC CORP.,** <br><br>        **Plaintiffs,** <br>**-against-** <br><br>**JAY KAY JAY, INC. AND KATHLEEN A. TARTIVITA,** <br><br>        **Defendants.** | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY <br><br> Civil Action No. 3:06-cv-05522(GEB) <br><br><br><br><br> JOINT DISCOVERY PLAN |

   1.   For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number. In addition, the lead counsel on each side should bring a business card which contains his/her e-mail address to the Rule 16 Scheduling Conference.

>       Plaintiffs' attorney:
>       David K. DeLonge (DD 9662)
>       SCHUMANN HANLON LLC
>       30 Montgomery Street, Suite 1501
>       P.O. Box 2029
>       Jersey City, New Jersey 07302
>       dkdelonge@shdlaw.com
>
>       Defendants *pro se*
>       Kathleen Tartivita
>       Jay Kay Jay, Inc.
>       156 Bayside Drive
>       P.O. Box 142
>       Atlantic Highlands, NJ 07718
>       (732) 872-2145

   *2a.  Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.*

   Plaintiffs seek damages for infringement of their copyrights on musical compositions performed at defendant's place of business, a 'go-go' bar in Keansburg, New Jersey called "Pumps Plus".  Jay Kay Jay/Pumps Plus entered a Licensing Agreement with the American Society of Composers, Authors and Publishers ("ASCAP") in 1992, but the License Agreement was terminated in April 2004 for nonpayment of fees.  Plaintiff seeks to enjoin defendants' unauthorized performance of the copyrighted musical compositions and also seek statutory damages of not less than $750.00 nor more than $30,000.00 for each of seven  infringements pursuant to 17 U.S.C. § 504(c)(1).

   Defendant alleges an agreement with musical service DMX for piped in digital music and contends that the agreement included permission to perform copyrighted songs and  that BMX had already paid the required fees to ASCAP and BMI.

   (b)   *Is this a fee shifting case?*

   Yes; Copyright Act, 17 U.S.C. § 505

   3.   *Has this action been: Settled __No__  Discontinued_NO____*
        *If so, has there been a Stipulation/Dismissal Filed?*

   Not applicable.

   4.   *Have settlement discussions taken place?*

   No.

   5.   *Core discovery needed to be able to discuss settlement in a meaningful way.*

   Plaintiffs need discovery of
   (1) all allegations of defendants and of any matters which support defenses,
   (2) amount of licensing fees defendants would have incurred during applicable period of time.

   6.   *The parties [have_____  have not _____] exchanged the information required by. If not, state the reason therefore.*

   Plaintiffs have submitted Rule 26(a)(1) disclosures

   to defendants.

 7. *Explain any problems in connection with completing the disclosures required by Fed.R.Civ.P. 26(a)(1).*

   Defendants have not responded to joint discovery plan proposed by plaintiffs.

 8. *The parties have **not** conducted discovery other than the above disclosures. If so, describe.*

 9a. *The parties have met pursuant to Fed.R.Civ.P.26(f)*

   David K. DeLonge and Katheleen Tartivita conferred on February 12, 2007 to review and consider all Rule 26(f) issues.

 10a. *The following is **not** a proposed joint discovery plan. It is plaintiffs' proposal.*

   All facts which relate to any defenses asserted by the defendants including but not limited to allegations that a supplier's license with DMX for piped in digital music protects defendants and that the supplier has allegedly paid fees to ASCAP and to BMI.

   Any issues relating to defendant's default under License Agreement and ASCAP's termination of License Agreement with defendants on April 1, 2004.

(b) Discovery should be conducted in phases or be limited to particular issues. Explain.

   Discovery should be conducted in phases. Plaintiffs wish to defer discovery of DMX until initial discovery is concluded with defendants.

(c) Maximum of 60 interrogatories by each party to each other party.

(d) Maximum of 3 depositions to be taken by each party

(e) Plaintiff's expert report due on <u>n/a  </u>.

(f) Defendant's expert report due on <u>n/a  </u>.

(g) Motions to amend or to add parties to be filed by <u>September 1, 2007</u>.

    (h)    Dispositive motions are to be served within <u>90</u> days of completion of discovery.

    (i)    All discovery to be completed by <u>December 1, 2007</u>.

    (j)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders

    (k)    A pretrial conference may take place on _____.

11.   *Do you anticipate any discovery problems(s).* Yes.

12.   *Do you anticipate any special discovery needs (i.e., videotape/telephone depositions; problems with out-of-state witnesses or documents, etc.)?*

    Yes. Possible discovery required from DMX.

13.   *State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).*

    No. Defendants have resisted repeated efforts by ASCAP to amicably resolve disputes for the past five (5) years or more.

14.   *Is this case appropriate for bifurcation?* <u>No</u>.

15.   *An interim status/settlement conference (with clients in attendance), should be held during the month of _____, 200___.*

16.   *We [do_____ do not _____] consent to the trial being conducted by a Magistrate Judge.*

<u>/s/ David K. DeLonge</u>        <u>February 28, 2007</u>
David K. DeLonge (DD9662)
Attorneys for Plaintiff(s)


_____        <u>February      ,2007</u>
Attorneys for Defendant(s)