| | |
|---|---|
| GNAT BOOTY MUSIC, HERBILICIOUS MUSIC, VIRGINIA BEACH MUSIC, GOLD DADDY MUSIC, WB MUSIC CORP., AIN'T NOTHING BUT FUNKIN' MUSIC, MUSIC OF WINDSWEPT, BLOTTER MUSIC, ELVIS MAMBO MUSIC, TVT MUSIC, INC., 50 CENT MUSIC, J. ALBERT & SON (USA) INC. AND UNIVERSAL MUSIC CORP., | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY <br><br> Civil Action <br> No. 3:06-cv-0522(GEB) |
| **Plaintiffs,** <br> -against- <br><br> JAY KAY JAY, INC. AND KATHLEEN A. TARTIVITA, <br><br> **Defendants.** | |

_____

## PLAINTIFFS' BRIEF OPPOSING DEFENDANT TARTIVITA'S MOTION FOR LEAVE TO FILE COUNTERCLAIM

_____

SCHUMANN HANLON LLC
30 Montgomery Street, 15th Floor
P.O. Box 2029
Jersey City, New Jersey 07302
(201) 432-2000
Attorneys for Plaintiffs

On the Brief:

David K. DeLonge, Esq.

**TABLE OF CONTENTS**

**TABLE OF CASES AND AUTHORITIES**  . . . . . . . . . . . . . . . . . . . . . . . . .     ii

**PROCEDURAL HISTORY**       . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

**ARGUMENT - LEAVE OF COURT SHOULD NOT BE GRANTED**  . . . .     2

**CONCLUSION**       . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

i

## TABLE OF CASES AND AUTHORITIES

CASES:                                                                PAGE


Earia v. Texas Eastern Transmission Corp., 377 F. Supp. 344,
remanded without opinion, 535 F.2d 1241 (DCNY 1974) . . . . . . . . . . . . . .    4

Kaplan v. U.S., 42 F.R.D. 5 (DC Cal 1967). . . . . . . . . . . . . . . . . . . . . . . . . .    4

Penwag Property Co. v. Landau, 76 N.J. 595 (1978)  . . . . . . . . . . . . . . . .    3



OTHER AUTHORITIES:


6 Wright, Miller, Kane, Federal Practice and Procedure 2d, §1487, p.637      2

6 Wright, Miller, Kane, Federal Practice and Procedure 2d, §1487 p. 643      4


F.R. Civ. P. 9(b)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

## PROCEDURAL HISTORY

Plaintiff's Complaint was filed herein on November 20, 2006 asserting claims for copyright infringement against defendants Jay Kay Jay, Inc. and Kathleen A. Tartivita.  Summonses were issued to both defendants who were served in the following week.

On December 15, 2006 Kathleen Tartivita filed an application for extension of time to answer on behalf of both defendants.   With the consent of plaintiffs, the time to Answer was extended by the Court to January 24, 2007.

On January 23, 2007, Kathleen Tartivita filed an Answer and Affirmative Defenses on behalf of herself and defendant Jay Kay Jay, Inc.  On January 24, 2007, the Clerk of Court advised Ms. Tartivita that a corporation must be represented by counsel and that only the Answer on behalf of herself as pro se defendant had been accepted for filing by the Court.  After approximately six (6) weeks additional delay, an Answer, Counterclaim, and Third Party Complaint for Jay Kay Jay, Inc. was filed by Anna C. Little, Esq.

As of the date of filing of this Brief, there is no indication or record that the Third Party Complaint has been served upon Third Party Defendant Cablevision. No Answer or other response has been filed herein by Cablevision.

The Answers filed herein by pro se defendant Tartivita and on behalf of Jay Kay Jay, Inc. are identical.  Both Answers deny all 14 paragraphs of the Complaint without exception or qualification.  The Answers are filed in bad faith and deny

basic information, conceded in other papers of the defendants, that defendant Jay Kay Jay, Inc. is a New Jersey Corporation, that it operates the premises known as Pumps Plus, that defendant Kathleen Tartivita is the president of Jay Kay Jay, Inc., etc.  This is an indication of defendants' bad faith in this matter.

Defendant Kathleen Tartivita now seeks to file a Counterclaim by way of Amendment to her pleadings.  The Counterclaims asserts facts wholly inconsistent with her Answer and many facts which are specifically denied in her Answer, e.g., that Jay Kay Jay entered into a license agreement with ASCAP.

### ARGUMENT

### <u>LEAVE OF COURT SHOULD NOT BE GRANTED</u>

The proposed Counterclaim of defendant Kathleen Tartivita fails to assert valid claims.  Generally, the filing of an Amendment to assert a claim which could not be sustained will not be allowed.

> "If the proposed change clearly is frivolous or advances
> a claim or defense that is legally insufficient on its face,
> the Court may deny leave to amend."

<u>6 Wright, Miller, Kane, Federal Practice and Procedure 2d</u>, §1487, p.637.

The First Count of the proposed Counterclaim merely states facts which contradict some of plaintiff's allegations and ends with the assertion in Paragraph 6 that "the defendant did not infringe on copyrights of plaintiffs."  The First Count does not assert a claim upon which relief can be granted and, at best, could be a

separate defense if mere denial of factual allegations in the Complaint can constitute a defense.  It does not constitute a valid basis for counterclaim.

The Second Count of the proposed Counterclaim generally alleges that the plaintiffs have conspired with ASCAP to defraud defendants and to extort money from the defendants.  It fails to plead fraud with particularity as is required by F.R. Civ. P 9(b) which states in part "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This court is legally insufficient on its face.

The Third Count of the proposed Counterclaim again merely asserts a denial of allegations in the Complaint, i.e., that defendants did not perform musical compositions of the plaintiffs.  It does not state a claim upon which relief may be granted and does not present a valid counterclaim.

The Fourth Count of the proposed Counterclaim alleges generally that plaintiff's have been otherwise compensated by ASCAP and that their Complaint herein is an attempt to extort additional payment from defendants done with malice and intent to harm defendants.  The allegations fail to state a claim upon which relief may be granted and at best would be a premature assertion of claim for malicious prosecution.  A malicious prosecution claim does not arise and cannot be asserted until such time as the underlying action is dismissed or otherwise entirely resolved in favor of the defendants.  Penwag Property Co. v. Landau, 76 N.J. 595 (1978). Accordingly, this count does not provide basis for Counterclaim.

Leave to amend a pleading would be a futile gesture and should not be granted where the proposed amendment could be defeated by motion to dismiss or motion for summary judgment.  Earia v. Texas Eastern Transmission Corp., 377 F. Supp. 344, remanded without opinion, 535 F.2d 1241 (DCNY 1974).  A party moving for leave to amend should present at least a prima facie meritorious claim.  Kaplan v. U.S., 42 F.R.D. 5 (DC Cal 1967).  6 Wright, Miller, Kane, Federal Practice and Procedure 2d, §1487 p. 643 states "...if a Complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile," citing numerous cases in footnote 26 in support of the proposition.  None of the Counts of the proposed Counterclaim would withstand a motion to dismiss.  Leave to amend is inappropriate here.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully submit that the motion of defendant Kathleen Tartivita for leave to file a Counterclaim should be denied.

Respectfully submitted,
SCHUMANN HANLON LLC


By:   /s/ David K. DeLonge
        David K. DeLonge (dd9662)

Dated: July 9, 2007

-4-