David K. DeLonge, Esq.
SCHUMANN HANLON LLC
30 Montgomery Street, 15th Floor
Jersey City, New Jersey 07302
Attorneys for Plaintiffs

| | |
|---|---|
| **GNAT BOOTY MUSIC, HERBILICIOUS MUSIC, VIRGINIA BEACH MUSIC, GOLD DADDY MUSIC, WB MUSIC CORP., AIN'T NOTHING BUT FUNKIN' MUSIC, MUSIC OF WINDSWEPT, BLOTTER MUSIC, ELVIS MAMBO MUSIC, TVT MUSIC, INC., 50 CENT MUSIC, J. ALBERT & SON (USA) INC. AND UNIVERSAL MUSIC CORP.,**<br><br>    **Plaintiffs,**<br>-against-<br><br>**JAY KAY JAY, INC. AND KATHLEEN A. TARTIVITA,**<br><br>    **Defendants.** | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>  Civil Action<br>  No. 3:06-cv-05522(GEB)<br><br>  DECLARATION OF DAVID K. DeLONGE |

DAVID K. DeLONGE, declares as follows:

1. I am an attorney with Schumann Hanlon LLC, attorneys for plaintiffs, and I am familiar with the within matter.

2. This declaration is submitted in reply to opposition by pro se defendant Kathleen Tartivita to plaintiffs' motion to compel returnable on Monday, October 1, 2007 in the above referenced matter.

3. Plaintiffs' discovery is directed primarily defendant Jay Kay Jay, Inc. Jay Kay Jay, Inc. has not filed any opposition to the motion. Defendant Kathleen Tartivita is not in a position to submit objections on behalf of the corporate defendant which is represented by separate counsel. Ms. Tartivita is not permitted to represent the corporate defendant.

4. The objections submitted are without basis. In order to prepare tax returns, Jay Kay Jay must maintain financial records in the form of a general ledger or similar accounting records. Plaintiff has requested that those records be produced. The financial affairs including revenues and profit of the Pumps Plus business of Jay Kay Jay are relevant to the evaluation of damages to be awarded by the Court if it determines that infringement of plaintiffs' copyrights have occurred. Plaintiff previously cited to cases supporting this proposition.

5. Tax returns of the corporation are likewise relevant for purposes stated above and should be produced. The fact that the individual plaintiffs in this matter have declined to produce their tax returns is of no moment. The defendants provide no basis or reasoning as to why plaintiffs' tax returns are relevant in this matter. Whether a particular plaintiff which owns the copyright in issue received $1.00 or $1,000,000.00 income in a particular year has no bearing on the claim for infringements by the defendants. Likewise, whether plaintiffs have been receiving any payments from ASCAP is equally irrelevant to the specific allegations of infringement in this matter. And, in any event, it is not a basis to oppose plaintiffs' pending motion to compel.

6. Supplemental interrogatory #22 seeks a straight forward answer as to what songs were played at Pumps Plus on the evening of July 29/July 30, 2005. The defendant is continuing to give plaintiffs the run around. The list of 44 CDs/artists which the defendant previously provided stated nothing about what songs were played. Subsequently, Ms. Tartivita in a telephone call advised that those were CDs in the possession of Pumps Plus, but she does not advise what CDs were in its possession on July 29/30, 2005 and more importantly, exactly what songs were performed on the

evening.  Likewise, the list gives no indication of music or songs are contained on the CDs.  A clear and complete answer is required.

7. If defendants do not know what music was performed on the date in question, they should say so.  Lack of knowledge of the defendants would show that there is no basis for defendants' denial of allegations in plaintiffs' complaint as to specific songs performed on the date in question.

8. Jay Kay Jay, Inc.'s payroll summary for 2005 must have been based upon some payroll records.  The records should be supplied along with detailed answers on the issue.

9. Defendants' interrogatory answers also have stated that a staff person had access to the music booth, certainly implying it was someone other than a bartender.  A complete and proper answer is required.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ David K. DeLonge
David K. DeLonge

Dated: September 26, 2007