UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GNAT BOOTY MUSIC, et al., | : | Civil Action No. 06-5522(GEB) |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **O R D E R** |
| | : | |
| JAY KAY JAY, INC., et al., | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

This matter having come before the Court upon Motion by Plaintiff 50 Cent Music ("Plaintiffs") to Compel Discovery [Docket entry # 20], returnable October 1, 2007; and opposition having been filed on September 17, 2007; and Plaintiffs stating that "Plaintiffs' request for production of documents included the General Ledger of Jay Kay Jay Inc. for January 2005 through December 31, 2006" and "[t]ax returns for Jay Kay Jay Inc. for 2000 through 2006" (Pl.s' Cert at 1); and Plaintiffs further stating that "in other similar copyright infringement cases courts have held that the type of financial information plaintiffs have requested here is relevant and must be produced" *Id.* at 2 (citing *Broadcast Music, Inc. v. Blumonday*, 32 U.S.P.Q. 1474 (D. Ver. 1994); *Quackenbush Music, Inc. v. Alanan, Inc.*, 1993 Copyright L. Dec. 127, 019 (D.Mass. 1992); *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F.Supp. 629 (D.N.H. 1986)); and Plaintiffs further stating that the financial affairs including revenues and profits of the Pumps Plus business of Jay Kay Jay are relevant to the evaluation of damages to be awarded by the Court if it determines that infringement of plaintiffs' copyrights have occurred" (Pl.s' Reply Cert. at 2); and Plaintiffs further stating that Plaintiffs also asked for the "title and author of all musical compositions performed at the Pumps Plus premises of Jay Kay Jay on July 29, 2007 from 9:30PM to 12:00AM and on July 30, 2007 from 12:00AM to 2:00AM" *Id.*; and Plaintiffs further stating that "[b]y letter dated June 20, 2007 defendant Kathleen A. Tartivita advised that 'it is taking longer than anticipated to compile a list of music played at the bar' and that on June 27, 2007 Ms. Tartivita submitted a letter providing a list of CD's with the explanation that

'defendants are supplementing their initial disclosures as well as their response to the request for documents to include the musical compositions and CD's by the following artists: . .'" *Id.* at 2-3; and Plaintiffs further stating that "no description of the music played on the night in issue has been provided in certified form as an answer to this interrogatory" *Id.*; and Plaintiffs further stating that "Plaintiffs have requested payroll records from the defendants and have received merely a one-page summary for the year 2005 showing total amounts allegedly paid to three (3) employees who have been subsequently identified as bartenders" *Id.* at 3; and Plaintiffs further stating that "[p]laintiffs seek detailed payroll records that indicate what persons were employed at particular periods of time, particularly on the evening in question" in addition to "the names and addresses of 'staff members' which access the booth with music/lighting control equipment" *Id.*; and Plaintiffs further stating that "[d]espite Order entered by this Court on August 6, 2007 compelling defendant Tartivita to disclose the staff persons who accessed the music/lighting booth during 2005, she has failed to do so" *Id.*; and Plaintiffs further stating although August 21, 2007 was the discovery completion date the Plaintiffs ask for an extension until October 31, 2007; and Defendants stating in opposition that a General Ledger does not exist and that Defendants "cannot produce what does not exist" (Def.s' Cert. at 1); and Defendants further stating that compelling discovery of the tax returns is "just another attempt to harass the [defendants] and force the corporation to supply confidential information that has no bearing on this case" *Id.*; and Defendants further stating that "Plaintiffs have also refused to supply financial information requested of them, including Plaintiffs tax return, *Id.*; and Defendants further stating that "the Defendants had already supplied an extensive list of artists and CD's whose work is played at the bar" *Id.* at 2; and Defendants further stating that "they cannot supply any additional information since no other information exists" *Id.*; and Defendants further stating that the Payroll Records for 2005 were already supplied and that the only employees on the "evening in question" were "Kimberly Sloan and Veronica Lapsley, whose names and addresses were already supplied to Plaintiffs" *Id.*; and Defendants further stating there are no other employees on staff, *Id.*; and

2

Defendants further stating that the information regarding which "staff members had access to the booth with music and lighting control equipment were already supplied to Plaintiffs," and those people were Kimberly Sloan and Veronica Lapsley, *Id.*; and Defendants further stating that there were "no other staff members" *Id.*; and the Court noting that Fed. R. Civ. P. 26(b)(1) states that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action"; and the Court further noting that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence" *Id.*; and the Court finding that Jay Kay Jay's tax returns from 2000 through 2006 are relevant to this litigation and as such should be disclosed; and the Court further finding that simply because Plaintiffs refuse to divulge their tax information does not give Defendants grounds to withhold their tax information; and the Court having considered the matter pursuant to Fed. R. Civ. P. 78; and good cause having been shown;

IT IS on this 1st day of October, 2007,

ORDERED that Plaintiffs' Motion to Compel Discovery [Dkt. entry # 20] is granted in part and denied in part as follows:

1.     Plaintiffs' Motion to Compel Discovery of the General Ledger is denied because it does not exist; and

2.     Plaintiffs' Motion to Compel Discovery of the tax returns from Jay Kay Jay, Inc. from the years 2000 through 2006 is granted; and

3.     Plaintiffs' Motion to Compel Discovery of Supplemental Interrogatory # 22 is denied because no other information exists; and

4.     Plaintiffs' Motion to Compel Discovery of the 2005 payroll records is denied because the records have already been disclosed; and

5.     Plaintiffs' Motion to Compel Discovery of the "staff members who has access to the booth with music and lighting control equipment" is denied because the information has already been disclosed, and it is

FURTHER ORDERED that Defendants disclose Jay Kay Jay's Tax Returns from the

years 2000 through 2006 no later than **October 15, 2007**.

   FURTHER ORDERED that discovery is extended until **October 31, 2007**.


       /s/ *John J. Hughes*
      **JOHN J.  HUGHES**
      **UNITED STATES MAGISTRATE JUDGE**