UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WB MUSIC CORP., et al., | : | Civil Action No. 06-5522(GEB) |
| Plaintiffs, | : | |
| v. | : | |
| JAY KAY JAY, INC. and KATHLEEN A. TARTIVITA, | : | |
| Defendants. | : | |
| —————————————— | : | |
| JAY KAY JAY, INC., | : | O R D E R |
| Third-Party Plaintiff, | : | |
| v. | : | |
| CABLEVISION SYSTEMS CORP., | : | |
| Third-Party Defendant. | : | |
| —————————————— | : | |

This matter comes before the Court upon Letter Application by Anna C. Little, Esquire to withdraw as counsel for Defendant Jay Kay Jay, Inc. and Kathleen Tartivita; and Ms. Tartivita representing to the Court on November 29, 2007 that she does not oppose Ms. Little's withdrawal; and by letter dated November 21, 2007, Ms. Little represented to the Court that "a breakdown in communication occurred between Kathleen Tartivita and myself pertaining to the management and direction of the case" (Little Decl. at ¶ 3); and Ms. Little further stating that "Ms. Tartivita no longer wished to retain the services of Anna C. Little, Esquire to represent Jay

Kay Jay Inc. in these matters" *Id.* at ¶ 4; and Ms. Little further stating that disagreements were frequent with Ms. Tartivita, *Id.* at ¶ 7; and Ms. Little further stating that Ms. Tartivita has refused to allow Ms. Little to continue representing Jay Kay Jay, Inc. as of October 26, 2007; and the Court noting that RPC 1.16 (b) permits an attorney to withdraw from representing a client if:

> it can be accomplished without material adverse effect on the interests of the client, or if . . . (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (6) other good cause for withdrawal exists.

RPC 1.16 (b); *see also Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 422 (D.N.J. 1993); and the Court further noting that the following factors should be considered when determining whether to permit an attorney to withdraw: (1) reasons for withdrawal; (2) prejudice to all of the parties in the case; (3) harm to the administration of justice; and (4) delay to the resolution of the case.  *See* Lite, N.J. Federal Practice Rules, Comment Rule 18 (Gann 2008) (citations omitted); and the Court finding that since Ms. Tartivita consents to the withdrawal of Ms. Little, Defendant and Third-Party Plaintiff will not suffer any undue prejudice; and the Court further finding that the breakdown of communications between Ms. Little and Ms. Tartivita, in addition to Ms. Tartivita's refusal to allow Ms. Little from proceeding with this matter, has rendered Ms. Little's representation impossible; and the Court having reviewed the parties' submissions and representations; and the Court having considered the matter pursuant to FED. R. CIV. P. 78; and good cause having been shown;

IT IS on this 29th day of November, 2007,

**ORDERED** that Anna C. Little, Esquire's Motion to Withdraw as Counsel for Defendant Jay Kay Jay and Third-Party Plaintiff Kathleen Tartivita is **GRANTED**; and it is

**FURTHER ORDERED** that Anna C. Little, Esquire is relieved of any further responsibility in this case with regard to Defendant and Third-Party Plaintiff; and it is

**FURTHER ORDERED** that Defendant must secure new counsel no later than **January 3, 2007**; and it is

**FURTHER ORDERED** that Anna C. Little, Esquire shall serve a copy of this Order on Defendant by **regular and certified mail**.

*/s/ John J. Hughes*
**JOHN J. HUGHES**
**UNITED STATES MAGISTRATE JUDGE**